# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN D. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3885 |
| | § | |
| JLG INDUSTRIES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The parties have asked the court to file a settlement agreement under seal. The court must review the settlement agreement to determine whether to approve it. The parties do not explain why the settlement agreement must be sealed, except to state that it is "confidential." (Docket Entry No. 33). "There is a strong public policy in favor of public access to judicial proceedings, most particularly as relates to a court's order or decree, embodying a settlement." *See, e.g., EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir.1996); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993). In exercising its discretion to seal judicial records, the court must balance the public's common-law right of access against the interests favoring nondisclosure. *See Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir.1981). Once a settlement is filed in district court and submitted to the judge for approval, the settlement is a judicial record, to which the presumptive public right of access applies. *SEC v. Van Waeyenberghe*, 990 F.2d at 848. The parties have not

provided a sufficient justification for filing the settlement agreement under seal. On the basis of the present record, the motion to file the settlement agreement under seal is denied.

       SIGNED on March 6, 2008, at Houston, Texas.

                                        Lee H. Rosenthal
                                 United States District Judge